UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------

UNITED STATES OF AMERICA,

-v-

LUIZ FERNANDEZ,

Defendant.

19-CR-193-02 (DLC)

MEMORANDUM OPINION
AND ORDER

---------------------------------------

DENISE COTE, District Judge:

On November 7, 2024, defendant Luiz Fernandez moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 821 to the Sentencing Guidelines. The defendant is not eligible for a reduction of his sentence and the motion is denied.

## Background

On July 30, 2019, Fernandez pleaded guilty to conspiracy to distribute and possess with intent to distribute fentanyl and fentanyl analogues in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) and of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), pursuant to a plea agreement with the Government. The plea agreement calculated the Guidelines range as 151 to 188 months' imprisonment based on an offense level of 33 and a criminal history category of II. The offense carried a mandatory minimum sentence of 5 years' imprisonment pursuant to 21 U.S.C. § 841(b)(1)(B).

The Probation Department calculated the defendant's Guidelines range as 168 to 210 months' imprisonment, based on an offense level of 33 and a criminal history category of III. The Probation Department recommended a sentence of 168 months' imprisonment; the defendant requested a sentence of 60 months' imprisonment, and the Government requested a sentence within the Guidelines range calculated in the plea agreement.

On November 1, the Court adopted the Guidelines range included in the Presentence Report, which was 168 to 210 months' imprisonment, but sentenced the defendant principally to a term of 151 months' imprisonment. The defendant did not appeal.

On November 7, 2024, the defendant filed a motion requesting a sentence reduction pursuant to Amendment 821 to the Sentencing Guidelines. The amendment went into effect on November 1, 2023, and applies retroactively. On November 22, the United States Probation Department issued a report indicating that the defendant is not eligible for a sentence reduction. Fernandez is scheduled to be released from custody on July 21, 2029.

## Discussion

A judgment of conviction is ordinarily final. Pursuant to 18 U.S.C. § 3582(c)(2), however, a federal court may reduce a defendant's sentence if the defendant was originally sentenced

to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission when that modification is made retroactive.  United States v. Martin, 974 F.3d 124, 136, 139 (2d Cir. 2020).

When presented with a motion to reduce a sentence pursuant to § 3582(c)(2), the district court must first "determine the amended guideline range that would have been applicable to the defendant if [the amendment] had been in effect at the time the defendant was sentenced."  United States v. Zapatero, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.10(b)(1)); see also Dillion v. United States, 560 U.S. 817, 827 (2010).  If the defendant is eligible for a sentence reduction, "a court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) and if such reduction is consistent with applicable policy statements issued by the Sentencing Commission," which are contained in U.S.S.G. § 1B1.10.  Martin, 974 F.3d at 136 (citation omitted).  Courts may not reduce a term of imprisonment under § 3582(c)(2) "to a term that is less than the minimum term of imprisonment specified by a subsequently lowered Guidelines range," with an exception for defendants who provide substantial assistance to the Government. United States v. Young, 998 F.3d 43, 46 n.1 (2d Cir. 2021).  A

3

reduction in sentence pursuant to § 3582(c)(2) is not a plenary sentencing proceeding. Dillon, 560 U.S. at 827.

Even when a defendant is eligible for a reduction, "a sentencing court has discretion to deny a motion to reduce a sentence pursuant to § 3582(c)(2)." United States v. Brooks, 891 F.3d 432, 436 (2018) (addressing a denial to reduce a sentence pursuant to Amendment 782). In deciding whether to reduce a sentence, a court should consider "how it would have sentenced" the defendant if the newly-calculated Guidelines range had been in effect at the time of the original sentence. Id. at 437. If the court would have imposed a lower sentence, the court should ask "why it is appropriate to keep in place" a higher sentence. Id.

Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023, and applies retroactively. See U.S.S.G. § 1B1.10(d). Among other changes, Amendment 821 modified the calculation of criminal history points under U.S.S.G. § 4A1.1(d) for certain defendants who committed the offense of conviction while under a criminal justice sentence ("status points"). It also provided a decrease of two levels in the offense level of defendants who did not receive any criminal history points and whose instant offense did not involve specified exclusions. One

4

such exclusion applies if the defendant possessed a firearm in connection with the offense. U.S.S.G. § 4C1.1(a)(7).

Fernandez is not eligible for a sentence reduction pursuant to Amendment 821. Fernandez had four criminal history points from prior convictions and did not receive status points. Moreover, even if he did not have criminal history points, Fernandez would not be eligible for a reduced sentence under the adjustment for defendants with zero criminal history points because he possessed a firearm in connection with his offense.

## Conclusion

Fernandez's November 7, 2024 motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10 is denied.

Dated:    New York, New York
          December 17, 2024

                              _____
                              Denise Cote
                              United States District Judge